IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. MARTIN, SEAN P. STEVENS, JESSE WILLIAM BANKS, III, and JULIE A. LAWRENCE | : | CIVIL ACTION |
| v. | : | |
| DISCOVER BANK, DFS SERVICES LLC, DB SERVICING CORPORATION, STOCK & GRIMES, LLP, SOLOMON LAW GROUP, LLC, WELTMAN, WEINBERG & REIS, CO., LPA, and APOTHAKER & ASSOCIATES, P.C. | : | No. 12-2469 |

Norma L. Shapiro, J.                                                                                                April 10th, 2013

**MEMORANDUM**

Before the court is a fee dispute between plaintiffs' counsel. Christopher Evarts, Esq., counsel-of-record for plaintiffs Martin, Stevens, and Banks, sent the court two letters complaining that he did not participate in settlement discussions and that the settlement agreement did not provide for recovery of his fees or costs. Mr. Evarts asked this court to halt all settlement payments and impose sanctions on Mr. Evarts's co-counsel, David Pearson, Esq., and defense counsel. Mr. Pearson, counsel-of-record for all the plaintiffs, wrote to the court that a settlement had been reached and asking the action be dismissed with prejudice.

Because this action has been settled, the court lacks jurisdiction over the fee dispute. This action will be dismissed with prejudice.

**I. Background**

Plaintiffs James H. Martin, Sean P. Stevens, Julie A. Lawrence, and Jesse William Banks, III filed a class action complaint against Discover Bank and its affiliates DFS Services LLC and DB Servicing Corporation, and four law firms that had represented the Discover defendants. Plaintiffs were Discover Cardholders who had been indebted to Discover Bank. They claimed

that Discover had attempted to collect the debts in its own name by state collection actions even though Discover had transferred the debts to a trust. Plaintiffs alleged violation of the Fair Debt Collection Practices Act, the Fair Credit Extension Uniformity Act, and the Unfair Trade Practices and Consumer Protection Law. All the defendants filed motions to dismiss or, in the alternative, to compel arbitration.

On September 11, 2012, while the motions to dismiss were pending, the parties (Mr. Pearson signing for the plaintiffs), submitted a stipulation to stay class certification briefing pending disposition of the motions to dismiss. That same day, Mr. Evarts, co-counsel for plaintiffs, sent a letter disputing Mr. Pearson's authority to enter into that stipulation. Mr. Evarts said he did "not authorize Mr. Pearson to file anything on behalf of my clients Mr. Banks and Mrs. Lawrence." The court held a conference to resolve this dispute on September 13, 2012. Mr. Evarts stated that Mr. Pearson had been refusing to talk with him, but they had reached a compromise; he withdrew his objection to the stipulation. Mr. Pearson and Mr. Evarts both said they had agreed to represent the four plaintiffs jointly. The court accepted the stipulation and stayed briefing on class certification. On December 3, 2012, the court granted defendants' motions to compel arbitration and placed the action in suspense pending completion of the arbitration proceedings.

## II. The Fee Dispute

On March 19, 2013, the court received a letter from Mr. Evarts stating a settlement had been reached but Mr. Evarts had "not [been] included in the settlement agreement even though [he was] listed as co-counsel." Mr. Evarts also stated, "Mr. Pearson asked my clients to sign without consulting me or telling me at any time" although the class action was Mr. Evarts's idea,

and Mr. Pearson would not resolve this dispute. Mr. Evarts asked to "be added to the settlement agreement and awarded 25,000 dollars . . . as per [his] agreement with" Discover's counsel. Mr. Evarts attached to this letter a copy of the signed settlement agreement.

On March 20, 2013, Mr. Pearson asked the court to enter an order dismissing the action with prejudice because the action had been settled. Later that day, Mr. Evarts accused his co-counsel and defendants' counsel of violating "several ethical rules by not including [him] as lead counsel for the plaintiffs in the settlement agreement." The court stayed performance of the settlement agreement and scheduled a hearing for March 28.

At the March 28 hearing, Mr. Pearson informed the court that the $25,000 to be paid to the Law Offices of David E. Pearson "for the benefit of Plaintiffs" under the settlement agreement would pay only plaintiffs' counsel's fees. In addition, the settlement agreement provided that defendants would seek to vacate a judgment entered in favor of Discover against plaintiff Banks and an arbitration award entered in favor of Discover against plaintiff Lawrence. These awards arose from state court collection actions. Discover would also request the deletion of all its tradelines on plaintiffs' credit reports.

The court took the sworn testimony of the four plaintiffs. Mr. Martin said his lawyer was Mr. Pearson. He said he met Mr. Evarts once at a meeting, but he did not know if he had agreed to have Mr. Evarts represent him. He had discussed the settlement agreement with Mr. Pearson.

Mr. Stevens also said that Mr. Pearson was his lawyer. Mr. Stevens had not met Mr. Evarts before the day of the hearing, although he was aware from reading the filings and from Mr. Pearson that Mr. Evarts was working on the case. Mr. Stevens had signed a fee agreement at

3

the beginning of the action. He was told the terms of the settlement by Mr. Pearson and he knew that all the money was to go to the attorneys.

Mr. Banks had engaged Mr. Pearson as his attorney six months earlier and only met Mr. Evarts on the day of the hearing; Mr. Evarts was never his lawyer. Mr. Banks stated he learned of the settlement from Mr. Pearson and knew the attorneys would receive the entire $25,000 settlement amount. Mr. Banks was unsure how he would benefit from the settlement, but he had a vague notion that the state collection action against him would be ended by the settlement. Upon cross-examination by Mr. Evarts, Mr. Banks remembered that Cathy Cardozo had initially involved Mr. Banks in the action and Ms. Cardozo worked for Mr. Evarts.

Ms. Lawrence retained Mr. Evarts in May 2012. She said the retainer was verbal and that she did not sign a written retainer. Ms. Lawrence did not meet Mr. Evarts until September 2012. She testified that Mr. Evarts refused to talk to her about the action and told her to contact Mr. Pearson. It was Mr. Pearson who informed Ms. Lawrence of the settlement terms. Ms. Lawrence understood the settlement of this action would resolve the collection action against her and clear her credit. On cross-examination by Mr. Evarts, Ms. Lawrence acknowledged that she had never terminated Mr. Evarts's representation.

At the hearing, Mr. Evarts claimed that Mr. Banks and Ms. Lawrence were his clients.[1] To explain why he had not met with them, he initially stated that he worked from his home and

---

[1] Mr. Evarts has not explained the discrepancy between this repeated claim to the court and what appears on the docket. Mr. Evarts is listed on the docket as counsel for plaintiffs Martin, Stevens, and Banks. Mr. Evarts did not enter an appearance on behalf of Ms. Lawrence, the only plaintiff who acknowledged to the court that Mr. Evarts was in fact her counsel.

4

was uncomfortable having clients visit him there. Mr. Evarts later claimed that he asked his clients to meet with Mr. Pearson because Mr. Pearson's office was more convenient for them.

Mr. Pearson wished to see Mr. Evarts's records of costs. His intent was to distribute the settlement funds by reimbursing costs and dividing the remainder *pro rata* according to the hours each attorney had expended. Mr. Evarts asked that the $25,000 be divided evenly by the attorneys with the defendants paying Mr. Evarts's costs of $6,000. Defendants refused to add to the settlement sum. Mr. Evarts then requested that the settlement fee be evenly split.

### III. Discussion

The Federal Rules permit the parties to settle this action without court approval of the settlement agreement. Federal Rule of Civil Procedure 23 requires court approval of a class action settlement only when the putative class has been certified. The Advisory Committee's note to the 2003 amendments makes this clear:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Fed. R. Civ. P. 23 Advisory Committee's Note (internal citation omitted). No motion for class certification was filed and this court's order compelling individual arbitration was an effective denial of class certification. It is clear from the testimony at the March 28 hearing that each of

the four plaintiffs was familiar with the settlement terms. Their agreement to settle was knowing and voluntary.

Of Mr. Evarts's two claimed clients, one stated that he had never met Mr. Evarts before the March 28 hearing. The other stated that Mr. Evarts refused to meet with her and told her to deal with Mr. Pearson.[2] Mr. Evarts did not produce any signed retention letters at the hearing. Although Mr. Evarts produced an unsigned draft retention letter, he conceded that he did not have signed retention letters with either of his claimed clients. The court has no knowledge of any private agreement between plaintiffs' counsel with respect to division of fees.

The court disapproves of the conduct of counsel in this case, but this action having settled, the court has no jurisdiction to hear a dispute over fee division or breach of any agreement with counsel of clients. Counsel are encouraged to settle their dispute privately. If they are not able to do so, the aggrieved party may file suit in state court. A transcript of the March 28 hearing will be made available and any dispute over fees and costs can be adjudicated in that forum.

**IV. Conclusion**

The plaintiffs having entered into a knowing and voluntary settlement with the defendants, this action will be dismissed with prejudice. An appropriate order follows.

---

[2] Ms. Lawrence's testimony is somewhat inconsistent with a letter she sent to the court dated March 29, 2013. That letter was *ex parte* and plays no role in the court's consideration of this matter.